George Gallob v. Commissioner.
Gallob v. Commissioner
Docket No. 42853.
United States Tax Court
1954 Tax Ct. Memo LEXIS 248; 13 T.C.M. (CCH) 297; T.C.M. (RIA) 54094; March 31, 1954
*248 Held, that a valid, bona fide partnership existed between petitioner and his three children. Eugene O. Cobert, Esq., for the petitioner. Arthur L. Nims, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: This is a family partnership case in which the respondent determined deficiencies of $24,854.61 and $22,223.30 for the years 1945 and 1946, holding that petitioner should be taxed on all the income from the alleged partnership in which petitioner and his three children were associated. The petitioner alleges that: 1. Prior to the formation of the partnership, petitioner's three children, Pearl, Arthur and Martin, worked for the benefit of the petitioner and received little or no remuneration. 2. Petitioner's children performed said services in reliance upon petitioner's specific promise to create a partnership with them as equal partners. 3. In addition to their services, the children invested certain funds in the partnership through gifts and otherwise. 4. Petitioner and his children, in good faith and with a business purpose, did in fact join together as a partnership and did in fact conduct their business as a partnership. *249 5. The formal partnership agreement was entered into and filed in the County Clerk's Office. Said agreement provided amongst other things that profits be divided into four equal shares. 6. Disallowed expense items were actually expended. Excepting the second paragraph above quoted alleging that the children relied on a specific pre-existing promise to create a partnership, - which fact is not proven, - and paragraph 6 referring to disallowed expenses, petitioner proved every fact above alleged. The record is overwhelming. The partnership created by written contract dated January 3, 1944, was a valid, bona fide partnership to which each party contributed money and services. Capital accounts were maintained and the crediting to accounts and drawings of money from the partnership profits were explicitly carried out according to the terms of the contract. The children had been schooled in the business for years previously and had attended trade schools, the better to equip themselves for the business in which petitioner and his father before him were engaged, namely, the manufacture of women's clothing. When the partnership was formed the petitioner was in failing health and *250 had been ordered to rest for several months. The children were of mature years and each had been trained for a particular job in the organization. Each invested an agreed amount of money and each contributed valuable services as the head of one of the several departments of the firm. There is no necessity further to enumerate the facts. Suffice it to say that the partnership contract in question and the organization erected in furtherance thereof satisfy every legal and equitable requirement of a bona fide partnership. On this, the only issue presented for decision, we hold that respondent erred. Because there is no proof sustaining the allegation in paragraph 6 above as to disallowed expenses, the respondent's action in disallowing such expenses must be sustained. Decision will be entered under Rule 50.